*Margin note: Moriarty v. Lovejoy.*

———

## STEPHEN FAIRBANKS *et al. versus* GILMAN HAYNES *et al* and Trustees.

In the case of a general assignment by an insolvent debtor in trust for the payment of all his creditors, under *St.* 1836, *c.* 238, the fact that the debtor has given preferences by anterior acts, although it may prevent his obtaining a discharge and may invalidate the security given to the preferred creditor, does not render the assignment void.

BY the answers of John W. Browne, one of the alleged trustees, it appeared, that on the 15th of April, 1837, the

Fairbanks
v.
Haynes
and Trs.

principal defendants mortgaged certain property to John Hilton and others, who were their creditors, which mortgages were recorded at nine o'clock in the evening of that day ; that about ten o'clock on the same evening, the principal defendants came to the office of the respondent, to consult him about their affairs, and told him, that they had made the mortgages before mentioned, and that it was their purpose that these mortgages should be recorded, and should take precedence of the claims of their other creditors ; that the respondent then advised them to assign their property, in order to save it from attachment and distribute it equally among their creditors ; that he believed, that the defendants first resolved to make an assignment upon his advice at that time ; that an assignment was thereupon made to the respondent by the defendants, of all their property not exempted from attachment, for the benefit of all their creditors who should become parties thereto, according to the provisions of *St.* 1836, *c.* 238 ; and that after the service of the plaintiffs' writ upon the respondent, certain creditors of the defendants became parties to the assignment. In a subsequent answer, Browne stated, upon the authority of one of the defendants, that before coming to his office on the evening when the assignment was made, they gave notice to the mortgagees to put the mortgages on record, then intending to make an assignment if they were not prevented from so doing by an agreement made with their creditors for an extension of the demands against them, and believing that they were not so prevented ; and that upon consultation with the respondent, they were informed, that they were not prevented by the execution of such agreement.

Jan. 16th,
1840,
at Boston.

*Choate* and *Crowninshield*, for the plaintiffs, cited *Ward* v. *Lamson*, 6 Pick. 358. [See *Henshaw* v. *Sumner, post,* 446.]

*Lord* and *Stickney,* for the trustees, cited Dwarris on Stat. 738, 742.

SHAW C. J. afterward drew up the opinion of the Court. The only question submitted to the Court in the present case, is, whether John W. Browne is chargeable as trustee. He held certain property, at the time of the attachment, which had been assigned to him by the principal defendants, on the 15th of April, 1837, in trust for the benefit of their creditors.

This assignment was made after the *St.* 1836, *c.* 238 ; and by it the property was protected from any attachment afterwards to be made, (§ 1,) unless the assignment was void by force of that statute. By § 11 it is provided, that no such assignment shall be valid, unless it is so made as to give to each of the creditors an equal share of the property in proportion to their debts. In the present case, the assignment was so made in form ; but it is contended for the plaintiffs, that it was rendered void by certain mortgages given to other creditors, on the same day, and nearly at the same time, by which preferences were given to such creditors. The fact, that the debtor has given preferences, by anterior acts, though it may subject him to disabilities, does not render the assignment void, whatever effect it may have upon the security thus given, if the creditor knew of the debtor's intention. The question must depend upon the assignment itself.

In a late case in Berkshire, *Perry* v. *Holden*, 22 Pick. 269, it appeared, that certain mortgages were made at the same time with the assignment, and to the same persons who were assignees, and the Court held, upon the facts, that the mortgages and the assignment made at the same time, nearly between the same parties, and with one and the same object, that of tne appropriation and distribution of the debtor's estate, constituted one transaction, one conveyance of property, and one assignment, and thus considered, the assignment did not make an equal distribution of the property, and by force of the statute, was void.

The only question is, whether the facts bring this case within the same principle ; and the Court are of opinion that they do not. There was no privity and no communication between the mortgagees and the assignee ; it does not appear, that the mortgagees knew of the intent of the debtors to make an assignment. It may be very likely, that by force of another provision of the statute, the debtors may lose the privilege of obtaining their discharge ; but this does not affect the validity of the assignment. The Court are of opinion, that the assignee has a right to hold the property for the benefit of the creditors and that he is not liable to the trustee attachment.

*The trustee Browne discharged.*